IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HENRY POCAN,

                                                  ORDER

                Plaintiff,

                                                  10-cv-227-bbc

     v.

ALL OF THE DEPARTMENT OF
HEALTH SERVICES (DHS) EMPLOYEES,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Henry Pocan, a patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has submitted a proposed complaint alleging violations of his constitutional rights. In addition, he has submitted a petition and affidavit to proceed without prepayment of fees and costs. However, plaintiff has not signed his complaint as required by Fed. R. Civ. P. 11 and he has not submitted a resident account statement from which this court can determine whether plaintiff qualifies to proceed in forma pauperis.

      This court uses one method for determining the indigent status of all institutionalized persons, even those like plaintiff who are not subject to the 1996 Prison Litigation Reform Act. Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident

account statement covering the full six-month period immediately preceding the filing of the complaint, the court calculates two amounts, 20% of the plaintiff's average monthly income and 20% of the plaintiff's average monthly balance. Whichever amount is greater is the amount the plaintiff will have to prepay toward the $350 filing fee. (Plaintiff will qualify for indigent status with respect to the remainder of the fee. (The in forma pauperis statute does not permit a court to waive entirely a plaintiff's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)

I will return plaintiff's unsigned complaint to him. If plaintiff wishes to continue with this lawsuit, he will have to submit a copy of his six-month resident account statement and he will have to file a signed copy of the complaint. Plaintiff's complaint was submitted on April 23, 2010. His resident account statement should cover the period beginning approximately October 23, 2009 and ending approximately April 23, 2010. If, by May 21, 2010, plaintiff fails to submit the required statement or signed complaint, I will assume he does not wish to proceed with this action and this case will be closed.

ORDER

IT IS ORDERED that plaintiff may have until May 21, 2010, in which to file a signed copy of the complaint and a copy of his resident account statement for the period

beginning October 23, 2009 and ending April 23, 2010. If, by May 21, 2010, plaintiff fails to submit a signed complaint and the necessary resident account statement, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 29th day of April, 2010.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3