IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HENRY POCAN,                                                      ORDER

                      Plaintiff,                                   10-cv-227-bbc

    v.

ALL OF THE DEPARTMENT OF
HEALTH SERVICES (DHS) EMPLOYEES,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is proposed civil action for monetary and injunctive relief brought under 42 U.S.C. § 1983 and Wis. Stat. § 51.61. Plaintiff Henry Pocan is detained at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin pursuant to a civil commitment order under Wisconsin's Sexually Violent Persons Law, Wis. Stat. ch. 980. He alleges violations of his federal constitutional rights and rights under state law in connection with his confinement as a chapter 980 patient and is suing every employee of Wisconsin Department of Health Services (DHS), including all those who work at DHS in Madison, Wisconsin, all of the DHS personnel who work at the Wisconsin Resource Center and the Sand Ridge Treatment Center and all other DHS personnel who have worked with those committed under chapter 980 since its enactment. Plaintiff is proceeding under the in forma pauperis

1

statute, 28 U.S.C. § 1915(a)(1), and has filed an initial partial payment.

Plaintiff's status as a chapter 980 patient means that he is not subject to the restrictions on prisoner litigation in the Prison Litigation Reform Act. However, because plaintiff is proceeding in forma pauperis, I must screen his complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). After reviewing the complaint, I conclude that plaintiff's claims of the unconstitutionality of Wis. Stat. ch. 980 and his confinement are barred by Heck v. Humphrey, 512 U.S. 477 (1994). Also, I conclude that plaintiff's claims regarding his treatment at the Sand Ridge Secure Treatment Center must be dismissed because they violate Fed. R. Civ. P. 8.

## DISCUSSION

Plaintiff's complaint contains no specific factual allegations. However, I have determined that plaintiff is asserting three claims: (1) Wis. Stat. ch. 980 is unconstitutional; (2) his confinement under chapter 980 is unconstitutional because the procedures applied in determining whether he is a sexually violent predator are inadequate; and (3) the quality of treatment offered to chapter 980 patients is inadequate.

The first two claims must be dismissed because they are challenges to the validity of plaintiff's confinement. If, as plaintiff contends, the statutes governing the civil commitment

2

and release of sexually violent persons are invalid, the state would have no authority to detain plaintiff. Thus, if plaintiff believes these statutes are unconstitutional, he must first exhaust his state judicial remedies and, if he is unsuccessful, file a petition for writ of habeas corpus under 28 U.S.C. § 2254. Until he has successfully challenged his confinement through those means, he may not seek damages under § 1983. Heck, 512 U.S. at 486-87.

With respect to plaintiff's claim that DHS provides inadequate treatment to chapter 980 patients, plaintiff needs to provide more facts. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's complaint consists primarily of vague assertions and conclusory statements regarding what DHS is or should be doing (such as "DHS does everything it can to simply *warehouse* me"; "DHS policies do not reflect personal issues"; "DHS [has taken] it upon themselves to subvert the intention of the Legislature"; "DHS refuses to acknowledge my sovereignty"; "DHS is obligated to take a proactive approach"; "DHS forced me into a situation of forced deterioration"). Such conclusory statements in a complaint are to be disregarded, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), because they do not identify what defendants have done or failed to do to make them liable for inadequate treatment, *how* the different services are inadequate or what has happened to plaintiff personally to make him believe that his rights have been violated. In sum, plaintiff has not put defendants on notice of the particular actions that allegedly violate plaintiff's rights.

Because plaintiff's claim regarding inadequate treatment does not comply with Rule 8, I must dismiss it without prejudice. Plaintiff is free to file an amended complaint that fixes these problems, but if he decides to do so, he should keep a few things in mind.

First, plaintiff should draft the complaint as if he was telling a story to people who know nothing about his situation. It will not be enough for plaintiff to state that he deserves "individualized treatment" and a "non-hostile environment." Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do that makes that defendant liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

Second, plaintiff must identify specifically how *each* defendant was involved personally in the alleged violations of his rights. He cannot sue every former and current employee of DHS without connecting each defendant to an alleged violation of his rights. If plaintiff does not know the name of a particular defendant whom he believes is responsible for violating his rights, he should call that defendant "John Doe" or "Jane Doe" and identify how that person was involved in the alleged violations. Each John or Jane Doe should be identified by number, (for example, "John Doe #1," "John Doe #2" and so on), and plaintiff should add these defendants to the caption of the complaint.

Third, plaintiff should be aware of the limitations of Fed. R. Civ. P. 20. As the court

4

of appeals held in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), plaintiff may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and [if] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. Once plaintiff identifies individual instances of "inadequate treatment," he should consider which of those instances are related to other instances. Those incidents that are unrelated to others do not belong together in the same lawsuit. Plaintiff will be required to file separate lawsuits for each such unrelated incident.

Fourth, plaintiff should be aware of the doctrines of standing and ripeness, which place limitations on a person's ability to file lawsuits challenging conduct they believe is unlawful. These doctrines require plaintiff to show that a law, policy or practice actually has been applied to him in a way that harms him. Massachusetts v. EPA, 549 U.S. 497, 517 (2007). Plaintiff includes allegations about DHS's treatment procedures, but has not explained how that treatment has affected him specifically. Also, plaintiff states that he is suing for unlawful conduct of *all* DHS employees, but it is unlikely that he can connect the actions of *all* DHS employees, especially those outside of the Sand Ridge Secure Treatment Center, to any injury that *he* has suffered.

Finally, plaintiff should bear in mind that any amended complaint should be both "short" and "plain." Plaintiff should not interpret this order as an invitation to make a novel out of his complaint. He should take care to limit his allegations to facts that give notice of

5

his claim to defendants.

ORDER

IT IS ORDERED that

1.  Plaintiff Henry Pocan's complaint is DISMISSED as to his claims of the unconstitutionality of Wis. Stat. ch. 980 and his confinement because those claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); his claims regarding his treatment at the Sand Ridge Secure Treatment Center are DISMISSED because they violate Fed. R. Civ. P. 8.

2.  Plaintiff may have until June 30, 2010 in which to submit a proposed amended complaint concerning his treatment at Sand Ridge that conforms to Rule 8. If, by June 30, 2010, plaintiff fails to respond to this order, the clerk of court is directed to close this case for plaintiff's failure to prosecute.

3.  If, by June 30, 2010, plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915.

Entered this 9th day of June, 2010.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge